■ Roy R. Newcomb, as Commissioner of Social Welfare of the County of Erie, Respondent, v. Thaddeus J. Skolimowski, Appellant.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Williams, P. J., Bastow, Goldman and Halpern, JJ.

■ In the Matter of the Accounting of Bertha I. Sweeney et al., as Executrices of Michael Nolan, Deceased, Respondents. In the Matter of the Accounting of Bertha I. Sweeney et al., as Trustees under the Will of Michael Nolan, Deceased, Respondents. Mary O. Nolan, Appellant.— Motion for reargument denied. Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ In the Matter of Coverall Service & Supply, Inc., Appellant, against Vincent C. Manzella et al., as Assessors of the City of Buffalo, Respondents. — Motion for leave to appeal to the Court of Appeals denied. Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ The People of the State of New York, Respondent, v. Syracuse Milk Dealer, Inc., et al., Appellants.— Appeal dismissed unless printed records and briefs are filed and served on or before March 28, 1960; respondent's brief must be filed on or before April 14, 1960, if appeal is to be argued at May 1960 Term. (See rule VIII of the rules of this court.) Motions of appellants to be relieved of the questioned stipulation denied. Memorandum: The stipulation was made in July, 1959. In its decision of November 12, 1959 Special Term found that by executing the stipulation the defendants "waived whatever rights they may have had to claim that the amended complaint failed to meet the requirements of the (prior) order of the Special Term.", passing upon the sufficiency of the original complaint. In the light of this statement in the court's formal decision it is difficult to reconcile the present averments of counsel that they did not understand the plain language of the stipulation until a motion was made in this court in January, 1960 to dismiss the appeals. Seven months have elapsed since the making of the stipulation and nearly four months have passed since the finding of Special Term that the rights of appellants were waived by executing the stipulation. We conclude, without reaching the merits, that the laches of the appellants bar relief from the stipulation. (Orders entered March 10.)

■ Gertrude E. Allen et al., Respondents, v. Thousand Island Park Corp., Appellant.— Appeal dismissed unless printed briefs are filed and served on or before March 29, 1960.

■ Wedtke Realty Corp., Respondent, v. Michael Karanas, Appellant. — Appeal dismissed unless printed records and briefs are filed and served on or before April 8, 1960.

■ Grace E. Murphy, Plaintiff, v. Pfeiffer Glass, Inc., et al., Defendants.— Appeal dismissed unless printed records and briefs are filed and served on or before March 28, 1960; respondent's brief must be filed on or before April 14, 1960, if appeal is to be argued at May 1960 Term. (See rule VIII of the rules of this court.)

■ The People of the State of New York, Respondent, v. Albert W. Ware, Appellant.— Leave granted to prosecute appeal on certified copy of judgment roll, five typewritten briefs; time for argument enlarged to May Term; appeal directed to be argued at May Term; appeal dismissed unless typewritten appellant's brief filed on or before March 28; respondent's brief must be filed on or before April 14, if appeal to be argued at May Term. (See rule VIII of the rules of this court.)